Wheeler, D. J.
This suit is brought upon letters patent re-issued to the plaintiff June 4, 1872, the original of which was dated November 26, 1861, for an improvement in machines for applying flock to felt rubber goods. The defence is that the patent cannot stand broad enough to cover the defendant’s machine.
The defendants have put in evidence two English patents: one granted to William Green and Joseph Pickett, October 21} 1854, and sealed April 21, 1855, for improvements in treating or ornamenting textile materials or fabrics; the other granted to Stanislas Tranquillo Modeste Sorel, June 23, 1855, and sealed November 16, 1855, for a machine for applying adhesive matters on stuffs. ' The latter only need be noticed here. In a machine there described the fabric to be treated was passed from a cylinder on which it was wound over another cylinder, where the adhesive material was distributed upon it; thence over a stretcher above the line of the top of the distributing cylinder, and not far from it, designated in the patent and drawings by the letter J; thence under a flock *650 sifter, called, in the patent, a cullender, shaken by machinery ; thence over beaters, striking it on the under side, to set the flock in the adhesive material; thence under a brush to sweep its upper surface, and onward in the machine to receiving cylinders. The stretcher supported the fabric between the distributing cylinder and the support beyond the beaters, and would steady it over the cylinder when struck by the beaters.
The plaintiff’s machine takes the fabric from a cylinder, on which it is wound, over a gumming table, rising about 25 degrees, where the adhesive material is distributed; thence over a roller above the line of the table and near to it; thence under a flock sifter and over beaters, striking it on the under side to set the flock; thence under a brush to sweep the upper surface, and over another supporting roller, and onward to receiving rollers. The roller near the gumming table supports the fabric between the gumming table and the roller beyond the beaters, and steadies it when receiving the blows of the beaters. The distributing table, distributing devices, steadying roller, flock sifter, beaters, brush and carrying rollers of the plaintiff are each different in form from the distributing cylinders, distributing devices, stretcher, cullender, beaters, brush and support beyond, of Sorel, yet each performs the same part in the operation of the machine. While, but for the machine of Sorel, so far as this case shows, the plaintiff would be entitled to a patent covering all similar machines doing the same thing in substantially the same way, still, in view of that machine, he is entitled to hold only the improvement in form of the different parts. Railway Co. v. Sayles, 97 U. S. 554.
The defendants’ machine has the same things except the brush, but nearly all different in form from the plaintiff’s. Their guming table is level; instead of a steadying roller like the plaintiff’s, it has a stretcher like Sorel’s, but nearer to the beaters than either; a different flock sifter and different beaters.
The fourth claim of the plaintiff’s patent is for the use of *651 what is here called the steadying roller, and there the cloth tension roller, in combination with the carrying roller, as arranged to steady the cloth; and the sixth is for the combination of the flock sifter with the beaters. These are the only claims in question. The bar of the defendants is not the equivalent of the improvement of the plaintiff’s cloth tension roller upon Sorel’s stretcher; and the use of it in the combination mentioned, which is not itself new, is not an infringement. The same is true of the flook sifter of the sixth claim. As the patent and these claims must be construed to be upheld, the defendants are not shown to infringe either claim. Let a decree be entered adjudging that the defendants do not infringe, and that the bill be dismissed, with costs.